Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1914 | **DATE** | 5/25/2001 |
| **CASE TITLE** | Derek Case vs. Milewski et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   ENTER MEMORANDUM OPINION AND ORDER: Defendants' Rule 12(b)(6) motion to dismiss is granted. Plaintiff is given leave to amend his complaint in accordance with the attached Memorandum Opinion and Order on or before 6/8/01 if, and only if, he can do so without violating Rule 11.

(11) ■ [For further detail see

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAY 29 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 MAY 25 PM 1:56 | 5/25/2001 date mailed notice | |
| kf | courtroom deputy's initials | | kf mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEREK CASE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 00 C 1914 ) Paul E. Plunkett, Senior Judge |
| MICHAEL MILEWSKI, MICHAEL HOYLE and JOHN KNOWLTON, | ) ) ) |
| Defendants. | ) |

MAY 2 9 2001

## MEMORANDUM OPINION AND ORDER

Plaintiff has sued defendants under 42 U.S.C. § ("section") 1983 for their alleged violations of his Fourth Amendment rights. Defendants have filed a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss the complaint, arguing that: (1) as employees of the federal government they are not subject to section 1983 liability; and (2) even if they were, plaintiff's claims are barred by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994). For the reasons set forth below, the motion is granted.

### Facts

Defendants are Great Lakes police officers. (Compl. ¶¶ 4-6.) On June 15, 1999, plaintiff attempted to play golf at the Willow Glen Golf Course in Great Lakes, Illinois. (Id. ¶¶ 3, 7.) The manager of the golf shop told plaintiff that he was not dressed appropriately and refused to allow him to play. (Id. ¶¶ 8-9.) The two argued and the manager called the Great Lakes police. (Id. ¶¶ 9-10.) Defendants appeared at the golf shop and asked plaintiff to leave. (Id. ¶ 10.)

Plaintiff left the golf shop, returned to his car and retrieved his dog. (Id. ¶ 11.) Plaintiff and his dog walked over to Buckley Road, which is adjacent to the golf course. (Id. ¶ 12.) Defendants approached plaintiff and asked him for identification. (Id. ¶ 13a.) Plaintiff said he had no identification with him, but gave the officers his name and birth date. (Id. ¶ 13b.)

Plaintiff then asked defendants if he could leave. (Id. ¶ 13c.) Defendant Milewski said "'sure, but you have to take your car or we will tow it.'" (Id.) Plaintiff said that his car was not illegally parked and he just wanted to take a walk. (Id. ¶ 13d.) Milewski told him that he could not go in the street because he was a traffic hazard. (Id. ¶ 13e.)

Plaintiff asked that he be allowed to leave, but Milewski told him he had better go to his car. (Id. ¶ 13f.) Plaintiff walked back to his car and got in. (Id. ¶ 13g.) Milewski then said, "Oh, that's right, you can't drive" because "you don't have your license with you." (Id. ¶¶ 13g-h.) Plaintiff said he would search his car for his identification, at which point one of the other defendants blocked plaintiff's car in by pulling his squad car behind it. (Id. ¶ 13i.)

Plaintiff then took his dog and walked back to the roadway. (Id. ¶ 13j.) Defendants followed him. (Id.) Knowlton and Hoyle walked beside plaintiff as he walked down the median on Buckley Road and Milewski followed them in the squad car. (Id. ¶ 13k.) When plaintiff tried to cross the street, Hoyle blocked his path. (Id. ¶ 13l.) Hoyle took out his pepper spray and told plaintiff to go back to the lot. (Id. ¶¶ 13m-n.) Plaintiff told Hoyle he had done nothing wrong and wanted to talk a walk. (Id. ¶ 13o.) Hoyle shoved plaintiff twice and told him to go back to the lot. (Id.) Plaintiff told Hoyle to stop touching him. (Id. ¶ 13p.) Milewski then pushed plaintiff into Hoyle, who sprayed plaintiff with pepper spray. (Id.)

Defendants subsequently arrested plaintiff, they say, for disorderly conduct, assaulting a police officer and resisting arrest in violation of Illinois law. (Id.; Defs.' Am. Reply Mem. at 1.) Plaintiff admits that he resisted arrest and subsequently pleaded guilty to that crime. (Pl.'s Mem. Opp'n Defs.' Mot. Dismiss at 2.) Plaintiff does not challenge the arrest itself, but claims that defendants violated his Fourth Amendment rights "when they harassed and provoked [him] . . . for the purpose of manufacturing an excuse to arrest him." (Compl. ¶ 14.)

### **The Legal Standard**

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. Midwest Grinding Co. v. Spitz, 976 F.2d 1016, 1019 (7th Cir. 1992). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### **Discussion**

The first problem with plaintiff's complaint is one not addressed by the parties. Plaintiff's claims are grounded in the Fourth Amendment, which applies only to unreasonable searches and seizures, "not [to] unreasonable, unjustified or outrageous conduct in general." Carter v. Buscher, 973 F.2d 1328, 1332 (7th Cir. 1992). Plaintiff is not contesting the validity of his arrest, the classic seizure in Fourth Amendment jurisprudence. Thus, he can state a Fourth Amendment claim only if the pre-arrest conduct he challenges constituted an unreasonable seizure.

"A seizure is a single act, and not a continuous fact." California v. Hodari D., 499 U.S. 621, 625 (1991) (internal quotation marks and citation omitted). "[A] person is 'seized' only when, by means of physical force or a show of authority, his freedom of movement is restrained." United States v. Mendenhall, 446 U.S. 544, 553 (1980). Unsuccessful attempts to restrain a person's freedom of movement physically or through a show of authority do not constitute seizures. United States v. $32,400.00, 82 F.3d 135, 139 (7th Cir. 1996).

The reasonableness of a seizure is judged by an objective standard: "[W]ould the facts available to the officer at the moment of the seizure . . . 'warrant a man of reasonable caution in the belief' that the action taken was appropriate?" Terry v. Ohio, 392 U.S. 1, 21-22 (1968). In this context, the defendants' subjective intent is immaterial. "An objectively unreasonable seizure violates the Constitution regardless of an officer's good intent; likewise, an objectively reasonable seizure does not violate the Constitution despite the officer's bad intent. Lester v. City of Chicago, 830 F.2d 706, 712 (7th Cir. 1987).

Plaintiff does not identify the alleged seizure that he challenges. But he does allege that his freedom of movement was restrained, at least to some extent, at various points during his encounter with the defendants, including when: (1) they refused to let him walk his dog in Buckley Road and told him to return to his car (Compl. ¶¶ 13a-g); (2) they refused to let him drive without a license (id. ¶¶ 13g-i); (3) Hoyle refused to let him cross Buckley Road (id. ¶ 13l); (4) Hoyle pushed him and told him to go back to the parking lot (id. ¶¶ 13n-o); and (5) Milewski pushed him into Hoyle, who sprayed him with pepper spray (id. ¶ 13p).

Even if the first two alleged restraints were seizures, an issue we do not decide, they were reasonable as a matter of law. A reasonable police officer would view any person who walked his

dog in a busy street as a traffic hazard, particularly one who is doing so on the grounds of a golf course where he has just caused a disturbance serious enough to require police intervention. To the extent plaintiff was seized when he complied with defendants' instructions not to walk in Buckley Road and to return to his car, the seizure was reasonable. It was also reasonable for defendants to prohibit plaintiff from driving without his license. By law, Illinois drivers are required to have their licenses in their possession when driving. See 625 ILL. COMP. STAT. 5/6-112 ("Every licensee . . . shall have his drivers license . . . in his immediate possession at all times when operating a motor vehicle . . . ."). Thus, even if plaintiff was seized when defendants told him he could not drive without his license, that seizure did not violate the Fourth Amendment.

The third and fourth "restraints" that plaintiff alleges do not constitute seizures at all. A seizure occurs only when there is "a governmental termination of freedom of movement through means intentionally applied." Brower v. County of Inyo, 489 U.S. 593, 597 (1989) (emphasis omitted). In other words, if defendants tried, but failed, to make plaintiff yield to their authority, no seizure occurred. Plaintiff alleges that Hoyle tried to stop his stroll down Buckley Road by blocking his path, pushing him and ordering him to return to the parking lot. (Compl. ¶¶ 13k-o.) But plaintiff also alleges that he ignored Hoyle's instruction, and despite his interference, continued walking eastward down Buckley Road. (Id.) Because plaintiff admits that defendants did not successfully terminate his walk or physically return him to the parking lot, their alleged attempts to do so were not seizures within the meaning of the Fourth Amendment.

That brings us to the last restraint: Hoyle's use of pepper spray. Though plaintiff does not explicitly allege it, we can reasonably infer that his walk down Buckley Road ended when Hoyle squirted him with pepper spray. This alleged restraint, therefore, constitutes a seizure. Further,

according to plaintiff, it was a seizure based on nothing more than defendants' whim, a clear violation of the Fourth Amendment.

Alleging a Fourth Amendment violation is only half the battle, however. Plaintiff must also show that section 1983 is the appropriate vehicle to redress it. Section 1983 is not the proper avenue for redress if a judgment in his favor on this suit "would necessarily imply the invalidity of [an otherwise valid] conviction or sentence." Heck, 512 U.S. at 487. Plaintiff argues that Heck is no bar to his suit because he is not challenging the validity of his conviction for resisting arrest or any other crime.[1] Rather, he says he is challenging the harassment and provocation defendants visited upon him before they arrested him.

Plaintiff's characterization of his suit does not save it from Heck. Plaintiff will be successful in this suit only if his version of the facts is believed. According to plaintiff, he was lawfully walking his dog when the defendants pursued him, assaulted him, squirted him with pepper spray and then arrested him. (Compl. ¶ 13.) These facts, if believed by a fact-finder, "necessarily imply the invalidity of his conviction" for resisting arrest. Heck, 512 U.S. at 487. Thus, plaintiff's complaint, as currently pleaded, does not state a viable section 1983 claim.

That defect is not necessarily fatal, however. Given plaintiff's admission that he, *in fact*, resisted arrest, his complaint obviously does not tell the whole story about the parties' encounter. (Pl.'s Mem. Opp'n Defs.' Mot. Dismiss at 2.) At some point, plaintiff had to have taken some action to avoid being arrested. If plaintiff's acts of resistance occurred before he was seized with pepper spray, his success on this suit (i.e. if a jury believed that he was sprayed for no reason) would

---

[1] In his complaint plaintiff does not allege the crimes with which he was charged or the outcome of those charges.

necessarily imply the invalidity of his resisting conviction. If, on the other hand, his acts of resistance occurred after the spraying, his success in this suit would not imply that his conviction was invalid.[2]

It would, however, imply the invalidity of his conviction on any number of other charges, including disorderly conduct and assaulting a police officer, the two other charges for which plaintiff was, apparently, arrested. (Defs.' Am. Reply Mem. at 1.) To the extent plaintiff was convicted of those or any other charges that are inconsistent with his allegations, his suit would still be barred by Heck. If, however, plaintiff's resistance took place after the pepper spraying and he was not convicted of any charges that conflict with the other facts he has alleged, he can amend his complaint accordingly and Heck will be no bar.

The Seventh Circuit's decision in Knowlin v. Thompson, 207 F.3d 907 (7th Cir. 2000) does not dictate a different result. In that case, a prisoner sued Arkansas law enforcement officers under section 1983 for their violation of the Arkansas Uniform Criminal Extradition Act by delivering him to Wisconsin authorities before his challenge to the extradition was complete. The district court dismissed the suit based on Heck. Id. at 908. The Seventh Circuit affirmed, reasoning that Knowlin's suit, if successful, would imply that the Wisconsin criminal judgment for which he was extradited was invalid. Id. at 909. Because Knowlin had not alleged that he was innocent of the charges underlying the extradition, the court held that Heck barred his section 1983 suit. Id.

In the course of its opinion, the Seventh Circuit made the following observation: "Heck requires an inquiry into the nature of the allegations and whether the entire claim for damages would,

---

[2]Though it is difficult to imagine that anyone could be capable of resisting arrest after being sprayed with pepper spray, we cannot say, as a matter of law, that it is impossible to do so.

if proven, necessarily imply the invalidity of the conviction or sentence." Id. That statement, defendants contend, requires us to dismiss plaintiff's suit if "the entire incident, if proven as alleged, necessarily implies the invalidity of the conviction." (Defs.' Am. Reply Mem. at 2) (emphasis in original). As an initial matter, defendants' argument mischaracterizes the language in Knowlin. The court said a section 1983 case must be dismissed if the "entire claim for damages" implies the invalidity of a criminal conviction, not if the entire incident as alleged by plaintiff does so.[3] Plaintiff's "entire claim for damages" is based on the pepper-spray seizure that occurred before the arrest, not on the arrest itself. Thus, if plaintiff resisted arrest after he was sprayed with pepper spray and was not convicted of any crimes that are inconsistent with his version of the pre-arrest events, his success in this suit would not necessarily imply that his resisting conviction is invalid. Accordingly, Knowlin does not require dismissal of this case.

Even if he vaults the Heck hurdle, however, there are is yet another problem plaintiff must confront. The court file, of which we can take judicial notice, see Henson v. CSC Credit Servs., 29 F.3d 280, 284 (7th Cir. 1994), reveals that defendants are employees of the federal government. (See 9/11/00 Agreed Privacy Act Order; see also Pl.'s Mem. Opp'n Defs.' Mot. Dismiss at 5 ("[T]he Court may find that it can take judicial notice of the fact that at least nominally, Defendants appear to be employed by the U.S. Navy and were so employed at the time of the incident complained of by Plaintiff.").) Although federal employees are not per se exempt from section 1983 suits, they can only be sued for actions that are taken under color of state law. 42 U.S.C. § 1983. Plaintiff contends

---

[3] Even if "entire incident" were the standard, plaintiff's complaint would still pass muster. If a jury believed that defendants harassed plaintiff for no reason, that finding would not imply that his conviction for resisting arrest was invalid. Indeed, it might underscore its validity, as it is at least arguable that a person arrested without cause is more likely to resist arrest than one who is, in fact, guilty of the crimes charged.

that the color of state law requirement is satisfied because defendants arrested him for violations of Illinois statutes. That may be true, but plaintiff's claims are based not on the arrest, but on defendants' pre-arrest conduct. (Compl. ¶ 14.) To state a viable section 1983 claim based on that conduct, plaintiff must allege that defendants were acting under color of state law when they seized him with pepper spray. Because plaintiff has not made such an allegation, his section 1983 claim must be dismissed.

## Conclusion

For the reasons set forth above, defendants' Rule 12(b)(6) motion to dismiss is granted. Plaintiff is given leave to amend his complaint in accordance with this Memorandum Opinion and Order within fourteen days of its date, if, and only if, he can do so without violating Rule 11.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

**DATED:** 5/25/01