Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1914 | **DATE** | 9/25/2001 |
| **CASE TITLE** | DEREK CASE vs. MICHAEL MILEWSKI, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: defendants' Rule 12(b)(6) motion to dismiss is granted and plaintiff's amended complaint is dismissed with prejudice. This is a final and appealable order.

(11) ■ [For further detail see

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | SEP 2 6 2001 date docketed | |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TBK | courtroom deputy's initials | 01 SEP 25 PM 3:09 Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | |
|---|---|
| DEREK CASE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 00 C 1914 |
| ) | Paul E. Plunkett, Senior Judge |
| MICHAEL MILEWSKI, MICHAEL ) | |
| HOYLE and JOHN KNOWLTON, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

In his first amended complaint, plaintiff charges that defendants violated his Fourth and Fifth Amendment rights and seeks to hold them accountable under 42 U.S.C. § ("section") 1983. Defendants have filed a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss the first amended complaint. For the reasons set forth below, the motion is granted.

### Facts

Defendants are Great Lakes police officers. (First Am. Compl. ¶¶ 4-6.) On June 15, 1999, plaintiff attempted to play golf at the Willow Glen Golf Course in Great Lakes, Illinois. (Id. ¶¶ 3, 7.) The manager of the golf shop told plaintiff that he was not dressed appropriately and refused to allow him to play. (Id. ¶¶ 8-9.) The two argued and the manager called the Great Lakes police. (Id. ¶¶ 9-10.) Defendants appeared at the golf shop and asked plaintiff to leave. (Id. ¶ 10.)

Plaintiff left the golf shop, returned to his car and retrieved his dog. (Id. ¶ 11.) Plaintiff walked his dog over to Buckley Road, which is adjacent to the golf course. (Id. ¶ 12.) Defendants



approached plaintiff and asked him for identification. (Id. ¶ 13a.) Plaintiff said he had no identification with him, but gave the officers his name and birth date. (Id. ¶ 13b.)

Plaintiff then asked defendants if he could leave. (Id. ¶ 13c.) Defendant Milewski said "'sure, but you have to take your car or we will tow it.'" (Id.) Plaintiff said that his car was not illegally parked and he just wanted to take a walk. (Id. ¶ 13d.) Milewski told him that he could not go in the street because he was a traffic hazard. (Id. ¶ 13e.)

Plaintiff asked that he be allowed to leave, but Milewski told him he had better go to his car. (Id. ¶ 13f.) Plaintiff walked back to his car and got in. (Id. ¶ 13g.) Milewski then said, "Oh, that's right, you can't drive" because "you don't have your license with you." (Id. ¶¶ 13g-h.) Plaintiff said he would search his car for his identification, at which point one of the other defendants blocked plaintiff's car in by pulling his squad car behind it. (Id. ¶ 13i.)

Plaintiff then took his dog and walked back to the roadway. (Id. ¶ 13j.) Defendants followed him. (Id.) Knowlton and Hoyle walked beside plaintiff as he walked down the median on Buckley Road and Milewski followed them in the squad car. (Id. ¶ 13k.) When plaintiff tried to cross the street, Hoyle blocked his path. (Id. ¶ 13l.) Hoyle took out his pepper spray and told plaintiff to go back to the lot. (Id. ¶¶ 13m-n.) Plaintiff told Hoyle he had done nothing wrong and wanted to talk a walk. (Id. ¶ 13o.) Hoyle shoved plaintiff twice and told him to go back to the lot. (Id.) Plaintiff told Hoyle to stop touching him. (Id. ¶ 13p.) Milewski pushed plaintiff into Hoyle, who sprayed plaintiff with pepper spray. (Id.)

Milewski and Hoyle then tried to handcuff plaintiff, but he resisted. (Id. ¶ 13r.) A struggle ensued in which the officers punched plaintiff. (Id. ¶ 13s.) Eventually, the officers subdued plaintiff

and arrested him for, among other things, resisting arrest. Plaintiff contends that the defendants' pre-arrest conduct violated both his Fourth and Fifth Amendment rights.

**The Legal Standard**

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. Midwest Grinding Co. v. Spitz, 976 F.2d 1016, 1019 (7th Cir. 1992). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

**Discussion**

To state a section 1983 claim, plaintiff must allege that defendants, who are employees of the federal government, acted under color of state law when they deprived him of his constitutional rights. 42 U.S.C. § 1983; (5/25/01 Mem. Op. & Order at 8.) Plaintiff argues that he has satisfied this requirement by alleging that he was in the median of a public highway and was not in violation of any federal law when defendants arrested him. The Court disagrees. Those allegations suggest that defendants may have misused their federal authority, not that they were acting pursuant to state authority. Plaintiff has not alleged that defendants were investigating violations of state law, that their activities were directed or controlled by the state or that they claimed to be acting under state authority during the events at issue in this suit. Thus, plaintiff has not satisfied the state-action requirement of section 1983. Cf. Askew v. Bloemker, 548 F.2d 673, 677 (7th Cir. 1976) (holding that state police officers who were assigned to a federal drug task force, who were investigating

-3-

violations of federal law and whose activities were directed by federal authorities were acting under color of federal, not state, law when they raided plaintiffs' home). Plaintiff's section 1983 claims are, therefore, dismissed with prejudice.

Defendants' status as federal employees does not necessarily leave plaintiff without a remedy, however. Federal employees can be sued directly under the Constitution for their alleged violations of its provisions. Bivens v. Six Unknown Named Agents, 403 U.S. 388, 397 (1971). Though plaintiff has never attempted to assert a Bivens claim or even argued that one might be viable, we will assume that he would pursue this option if it were available and will determine whether he has, in fact, stated any viable Bivens claims.

Plaintiff claims that defendants violated: (1) his substantive due process rights; (2) his procedural due process rights; and (3) his Fourth Amendment right to be free from unreasonable seizures. The deprivation of liberty and seizure that plaintiff contests is the pepper spraying he allegedly received from defendant Hoyle. His amended complaint, however, establishes that the spraying alone is not an actionable seizure or deprivation of liberty. Unlike his initial complaint, which left open the possibility that the spraying and arrest were separate events, the amended complaint establishes that they were not. It is clear from the way plaintiff now describes his encounter with defendants, that there was no lapse of time or intervening action that separated the spraying from the arrest. Rather, the two events were virtually simultaneous. (See id. ¶ 13q-s (alleging that defendants attempted to handcuff plaintiff, and plaintiff resisted arrest, immediately after the spraying).) These allegations establish that plaintiff was sprayed *in the course of*, not separate and apart from, the arrest. Thus, plaintiff was "seized," within the meaning of the Fourth

Amendment and deprived of liberty within the meaning of the Fifth Amendment only once: when he was arrested.

Plaintiff could succeed on his unreasonable seizure and procedural due process claims only if a fact-finder believed that he was arrested without probable cause. Jones v. Watson, 106 F.3d 774, 778 (7th Cir. 1997) ("A warrantless arrest is lawful under the Fourth Amendment if supported by probable cause.); McKinney v. George, 726 F.2d 1183, 1187 (7th Cir. 1984) (arrest that comports with Fourth Amendment is not subject to due process attack). Because plaintiff admits that he resisted arrest (see First Am. Compl. ¶ 13r-s), defendants necessarily had probable cause to arrest him for that offense. A contrary finding in this case would imply that the resisting arrest conviction was invalid, a result that the Supreme Court has condemned. See Heck v. Humphrey, 512 U.S. 477, 487 (1994) (plaintiff cannot maintain section 1983 suit that would "necessarily imply the invalidity of [his] conviction or sentence"); Clemente v. Allen, 120 F.3d 703, 705 (7th Cir. 1997) (holding that Heck applies to Bivens suits). Thus, plaintiff's Fourth Amendment and procedural due process claims must be dismissed.[1]

---

[1] Even if the spraying were an actionable deprivation of liberty, plaintiff's procedural due process claim would still have to be dismissed. Due process requires the government to give notice and a hearing, to the extent it is practicable, before a person is finally deprived of life, liberty or property. Parratt v. Taylor, 451 U.S. 527, 540-41, overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 331 (1986). If the spraying was unprovoked and unrelated to the arrest, it was also a random and unauthorized act. The government cannot provide pre-deprivation hearings in those circumstances. Id. at 541. Thus, due process is satisfied if the government provides an adequate post-deprivation remedy. Id.; Vennes v. An Unknown Number of Unidentified Agents of the United States, 26 F.3d 1448, 1452 (8th Cir. 1994), cert. denied, 513 U.S. 1076 (1995) (noting that Parratt applies to Bivens claims). There is an adequate post-deprivation remedy in this case, a suit against the government under the Federal Tort Claims Act. 28 U.S.C. § 2860(h) (authorizing claims for "assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution" arising out of the acts or omissions of "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law"). Because a pre-deprivation hearing was impossible and an adequate post-deprivation remedy exists, plaintiff

That leaves the substantive due process claim plaintiff asserts in Count I. According to plaintiff: "Defendants acted arbitrarily and without justification when they harassed and provoked Plaintiff despite his having violated no laws, for the purpose of manufacturing an excuse to arrest him." (First Am. Compl. ¶ 14.) Even if defendants abused their governmental authority, however, their actions would not violate substantive due process unless they led to a deprivation of life, liberty or property. Zorzi v. County of Putnam, 30 F.3d 885, 894 (7th Cir. 1994) (noting that no substantive due process claim can be maintained unless plaintiff has been deprived of a protected life, liberty or property interest). Of course, the alleged harassment did lead to a deprivation of liberty – plaintiff's arrest. But the propriety of an arrest is judged by Fourth Amendment standards, not under the rubric of substantive due process. Albright v. Oliver, 510 U.S. 266, 274-75 (1994) (holding that substantive due process is not a basis for challenging lawfulness of arrest). Thus, plaintiff's substantive due process claim must also be dismissed.

## Conclusion

For the reasons set forth above, defendants' Rule 12(b)(6) motion to dismiss is granted and plaintiff's amended complaint is dismissed with prejudice. This is a final and appealable order.

ENTER:

_____
**UNITED STATES DISTRICT JUDGE**

DATED: _9-25-01_

---

could not state a procedural due process claim against defendants even if the pepper spraying were an independent deprivation of liberty .